IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARYANN NAWROCKI,

                Plaintiff,

v.

TARGETCORPORATION-STORES,

                Defendant.

OPINION and ORDER

23-cv-180-jdp

---

Plaintiff Maryann Nawrocki, appearing pro se, alleges that she was injured at her job at defendant Target Corporation, that she was fired in 2009 because of her race, and that Target employees interfered with her post-injury medical care and defamed her by spreading false information that she was a drug addict and an alcoholic. The next step is for me to screen Nawrocki's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). In doing so, I must accept her allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I conclude that this case must be dismissed because Nawrocki's allegations are virtually identical to those she made in a 2018 employment discrimination lawsuit against Target in this court. *Nawrocki v. Target Corporation-Stores*, No. 18-cv-50-jdp, (W.D. Wis. filed Jan. 23, 2018). I granted Target's motion to dismiss that case because Nawrocki filed her employment discrimination and defamation claims far too late to comply with the relevant statutes of limitations. *Nawrocki*, 2020 WL 94563, at *1 (W.D. Wis. Jan. 8, 2020). Because Nawrocki

brought or could have brought the claims she now asserts in her prior lawsuit, her claims are barred by the doctrine of claim preclusion.

Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes a party from relitigating issues that were or could have been raised in the prior action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In effect, the doctrine requires that plaintiffs "join in a single suit all legal and remedial theories that concern a single transaction." *Perkins v. Bd. of Trs. of the Univ. of Ill.*, 116 F.3d 235, 236 (7th Cir. 1997). Under federal law, claim preclusion has three elements: (1) the parties in the two suits must be actually or functionally the same; (2) the claims in the two suits must arise out of the same set of operative facts or the same transaction; and (3) there must a final judgment on the merits in the first case. *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013).

Claim preclusion is an affirmative defense, which I ordinarily would not consider when screening a complaint under 28 U.S.C. § 1915(e)(2). But a district court can invoke an affirmative defense if it is "so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). This is such a case, because all three claim preclusion elements are met: Nawrocki is again suing Target for its employees' alleged misconduct related to her 2009 termination, claims already considered by this court in her 2018 case for which a final judgment has been entered. Claim preclusion plainly bars this lawsuit, so there is "no point to serving the defendant[] with process, forcing [it] to engage counsel, and then waiting for the inevitable motion to dismiss on preclusion grounds. It [is more] sensible to stop the suit immediately, saving time and money for everyone concerned." *Gleash*, 308 F.3d at 760–61.

This is the second time that Nawrocki has filed a claim-precluded lawsuit against Target regarding her 2009 injury and termination. I will summarily dismiss any future cases Nawrocki files against Target regarding these events.

## ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered April 4, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3